IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**VERNON EARL COLEMAN,**

      **Plaintiff,**

vs.                                                                                   No. CV 15-01173 JCH/KBM

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO,**
**JUDGE WILLIAM P.JOHNSON,**
**U.S. ATTORNEY DAMON P. MARTINEZ,**
**WILLIAM J. PFULGRATH, and**
**PUBLIC DEFENDER MARCIA J. MILNER,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER comes before the Court *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff Vernon Earl Coleman's Complaint for Violation of Civil Rights Under 42 U.S.C. 1983 (Doc. 1) ("Complaint"). The Court will, for reasons set out below, dismiss Coleman's Complaint for failure to state a claim on which relief may be granted and as frivolous and malicious.

Coleman is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2)(B) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is

1

plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In reviewing a pro se complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Coleman has been before this Court in three criminal cases, No. CR 07-755 WJ, No. CR 10-2603 WJ, and No. CR 11-1637 WJ. Coleman also has two pending civil rights cases, this case and No. CV 15-959 JCH/WPL. Coleman brings this action for alleged violation of his civil rights under 42 U.S.C. § 1983. The primary defendants named in the action are the United States District Court for the District of New Mexico, United States District Judge William P. Johnson, United States Attorney Damon P. Martinez, Assistant United States Attorney William J. Pflugrath, and Federal Public Defender Marcia J. Milner. (Doc. 1 at 1). The essence of his claim is that he disagrees with the sentence imposed on him in his criminal case No. CR 10-2603 WJ. (Doc. 1 at 5-6). It is patently obvious that the Complaint fails to state any claim for relief on multiple grounds.

First, § 1983 states:

> "Every person who, ***under color of any statue, ordinance, regulation, custom, or usage, of any State, Territory or the District of Columbia,*** *s*ubjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983 (emphasis added). Most of the primary Defendants named by Coleman are agencies or officers of the United States acting under federal law. The Complaint contains no allegations that Defendants U.S. District Court, Judge Johnson, USA Martinez, AUSA Pflugrath, or FPD Milner, at any time, acted under color of state law. The United States, its agencies and its agents, as well as public defenders, cannot be sued under § 1983 since that

section applies only to officials acting under color of state law. *See, Polk County. v. Dodson,* 454 U.S. 312, 315, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Dry v. United States,* 235 F.3d 1249, 1255 (10th Cir.2000); *Melo v. Haffer,* 912 F.2d 628, 638-39 (3rd Cir. 1990); *Lyons v. Sheetz,* 834 F.2d 493, 495 (5th Cir. 1987); *Savage v. United States,* 450 F.2d 449, 451-52 (8th Cir. 1971). Therefore, as to those Defendants, the Complaint clearly fails to state any claim on which relief can be granted. *Hall v. Bellmon,* 935 F.2d at 1109.

The Court could apply a liberal construction and construe Coleman's Complaint as alleging a claim against the federal defendants under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). However, because the claims would still be barred for additional reasons, the Court declines to do so. Even if a § 1983 or *Bivens* action could be brought against a federal agency or officer acting under federal law, several of the Defendants would be immune from suit. Coleman names District Judge William P. Johnson as a defendant. He alleges that Judge Johnson presided over the criminal proceedings in Cause No. CR 10-2603 WJ. For his cause of action, Coleman alleges:

> "the Judge let the D.A. and my Public Defender do what
> ever they wanted so all he had to do was Judge."

(Doc. 1 at 3).

Claims against a judicial officer acting as a judge are clearly barred by absolute judicial immunity. *See Stump v. Sparkman,* 435 U.S. 349, 355-56 (1978); *Christensen v. Ward,* 916 F.2d 1462, 1473-76 (10th Cir. 1990). It is well established that absolute immunity bars suits for money damages for acts made in the exercise of judicial discretion. *Guttman v. Khalsa,* 446 F.3d 1027, 1033 (10th Cir.2006). Further, it is well settled that the doctrine of judicial immunity is applicable in actions, such as the case at bar, that are brought pursuant to 42 U.S.C. § 1983. *Van Sickle v. Holloway,* 791 F.2d 1431, 1434–35 (10th Cir.1986).

The United States Supreme Court has recognized absolute immunity for officials whose special functions or constitutional status requires complete protection from suit. *Harlow v. Fitzgerald,* 457 U.S. 800, 807, 102 S.Ct. 2727, 2732 (1982). The purpose of absolute judicial immunity is:

> "to benefit the public, 'whose interest is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.' The Supreme Court has recognized that 'the loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus.' Therefore, absolute immunity is necessary so that judges can perform their functions without harassment or intimidation."

*Van Sickle v. Holloway,* 791 F.2d at 1434–35. Coleman seeks to recover damages against Judge Johnson for acts that were unquestionably made in the exercise of judicial discretion. The claims against Judge Johnson are barred by absolute judicial immunity.

Coleman also names U.S. Attorney Damon Martinez and Assistant U.S. Attorney, William J. Pflugrath. USA Martinez and AUSA Pflugrath were prosecutors in case No. CR 10-2603 WJ. Like judges, prosecutors are entitled to immunity in the performance of their prosecutorial functions. *Miller v. Spiers*, 434 F.Supp.2d 1064 (2006). The common law has long recognized prosecutors must be given immunity from the chilling effects of civil liability. *Burns v. Reed,* 500 U.S. 478, 485, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991); *Griffith v. Slinkard,* 146 Ind. 117, 44 N.E. 1001, 1002 (1896). Prosecutors are absolutely immune from damages for their advocacy and activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984 (1976). The claims against Defendants USA Martinez and AUSA Pflugrath are also subject to dismissal for failure to state a claim under both 28 U.S.C. § 1915(e)(2)(B) and rule 12(b)(6) of the Federal Rules of Civil Procedure based on immunity.

Although not identified as named defendants in the caption, the Complaint includes a document titled "Attachment" and lists a number of names of "all defendant(s) in this action" including AUSA Michael D. Nammar, Public Defenders Dennis J. Candelaria and Cesar Pierce-Varela, Agents Jerry Smith and Michael Richards, Special Agent FNU Montoya, New Mexico Police Sergeant Thomas Mora, FNU Chadborn of the State Police Investigation Bureau, and Port of Entry Officers Christopher Alvarez, Dave Gomez, Charles Madrid, FNU Barrera, FNU Lasiter, FNU Elias, and FNU Tarango. (Doc. 1 at 2). Some of these individuals also may be entitled to immunity. However, it is unnecessary to engage in an immunity analysis because the Complaint is devoid of any factual allegations of conduct on the part of any of the listed individuals. In the complete absence of factual allegations of conduct, especially allegations of conduct that resulted in deprivation of a constitutional right, the Complaint fails to state any claim for relief against any of the identified individuals. *Twombly,* 550 U.S. at 570.

Last, Coleman seeks "twenty five million in damages" based on his claim that he was not or should not have been sentenced as a career offender. (Doc. 1 at 4-6). The Court takes judicial notice of its docket in case No. CR 10-2603 and notes that Coleman's arguments have been raised and rejected both in direct proceedings in his criminal case and through collateral review under 28 U.S.C. § 2255. To allow Coleman to recover damages in this case would, necessarily, imply invalidity of the sentence imposed in his criminal case.

In *Heck v. Humphry,* 512 U.S. 477, 487 (1994), the Supreme Court addressed the question of when a prisoner may bring a § 1983 claim relating to his conviction or sentence. The Court held that when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed. *Heck,* 512 U.S. at 487.

Because a favorable ruling on Coleman's claims would require treating his sentence in case No. CR 10-2603 as invalid, the Complaint also must be dismissed under the *Heck* doctrine. *See, Beck v. City of Muskogee Police Dept.,* 195 F.3d 553, 556–57 (10th Cir.1999).

The Court will dismiss Coleman's Complaint without leave to amend because the Court determines that amendment of the Complaint would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. Coleman's conviction and sentencing have already been upheld on direct appeal and on 28 U.S.C. § 2255 motion. Coleman's disagreement with his criminal sentencing will never state a civil rights cause of action. The Court also finds the claims asserted by Coleman are frivolous and malicious under 28 U.S.C. § 1915(e)(2). A complaint plainly abusive of the judicial process is properly typed frivolous and malicious within the context of section 1915(e)(2)(B)(i). *See Duhart v. Carlson,* 469 F.2d 471, 477-78 (10th Cir. 1972); *Olson v. Coleman,* 997 F.2d 726, 728-29 (10th Cir. 1993).

Because the Court concludes that Coleman's Complaint fails to state a claim for relief and is malicious under § 1915(e)(2)(B), the Court will impose a strike against him as provided in the "three strikes" rule of the Prisoner Litigation Reform Act (PLRA). 28 U.S.C. § 1915(g). The Court reminds Coleman that if he accrues three strikes, he may not proceed *in forma pauperis* in civil actions before federal courts unless he is under imminent danger of serious physical injury. § 1915(g).

IT IS ORDERED:

(1) Plaintiff Vernon Coleman's Complaint for Violation of Civil Rights Under 42 U.S.C. 1983 (Doc. 1) and all claims and causes of action are DISMISSED for failure to state a claim on which relief can be granted under Fed.R.Civ.P. 12(b)(6) and 28 U.S.C. §1915(e)(2)(B)(ii) and as frivolous and malicious under 28 U.S.C. 1915(e)(2)(B)(i); and

(2) the Court imposes a STRIKE against Coleman under the Prisoner Litigation Reform Act, 28 U.S.C. § 1915(g).

_____
UNITED STATES DISTRICT JUDGE